RENWICK v. WEEDEN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. WILLS (§ 687*)—PROPERTY DEVISED—PERSONS ENTITLED.

The second clause of a will gave a lot to the executors in trust to collect the rents and apply the net income to the use of testator's sons F. and S. during their lives, no more than half to the use of each, and provided that such part thereof as the executors did not deem necessary to so apply should be accumulated during infancy of any children of such sons, and divided pro rata among them on their majority, and that, if either son died leaving issue, the income from the principal should be applied to the use of his children in equal shares until their majority, and, if either son died without issue, the income applied to his use should go to the other son, any surplus to be accumulated as before provided for the grandchildren. Another clause referred to the trust created by the second clause of the will for testator's sons and "their issue." The residuary clause gave the remainder of the property to the widow. *Held* that, upon the death of a son without issue, the other son having already died leaving issue, the one-half of the principal applied to his use would go to testator's grandchildren, and not to the widow under the residuary clause.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1641; Dec. Dig. § 687.*]

2. COSTS (§ 102*)—AWARD OUT OF PROPERTY.

In an action to determine a claim to real property under the provisions of a testamentary trust, costs awarded to successful parties should not be recovered out of the property.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 397; Dec. Dig. § 102.*]

Appeal from Special Term, New York County.

Action by Harold S. Renwick against Henrietta H. Weeden and others to determine a claim to realty. From the part of the judgment directing costs, including extra allowances to be paid out of the realty, plaintiff and two defendants appeal, and from that part adjudging that defendant named has no interest therein she appeals. Affirmed as modified.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

John P. Herren, for plaintiff.

George Welwood Murray and Robert McC. Marsh, for defendants Murray, as trustee, and Renwick.

Truman H. Baldwin, for defendant Weeden.

McLAUGHLIN, J. This action was brought to compel a determination of a claim to real property under sections 1638 to 1650 of the Code of Civil Procedure.

The plaintiff and the defendants Murray, as trustee, and Claire R. Renwick, had a judgment to the effect that the other defendants had no claim to the real property in question, but they appeal from the judgment in so far as it directs the costs, including extra allowances, to be paid out of the real estate, and the defendant Henrietta H. Weeden appeals from so much of the judgment as determines that she has no claim or interest therein.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frederick W. Renwick, Sr., died on the 27th of March, 1892, seised in fee simple of the premises in question. He left a will, which was probated, and the main question in the case turns upon the proper construction of its second clause. He left him surviving his son Frederick W., Jr., unmarried; his son Stanhope C., who was then married and had two children; and his widow, now deceased. The second clause of the will, or so much of it as is pertinent to the question presented, reads as follows:

"I give the lot * * * known as No. 31 Park Row, * * * to my executrix and executors * * * in trust to collect and receive the rents and income therefrom and after paying all expenses * * * to apply the net income therefrom, or so much thereof as they shall deem necessary and judicious, to the use of my sons Frederick W. and Stanhope C., during the terms of their respective lives, not more than one half to the use of each, without the power of anticipation * * * and without the power of assignment, and such portion of the said income as my executrix and executors shall not deem necessary or advantageously applied to the use of my said sons to be accumulated during the infancy of any children born or to be born to my said sons, such accumulated fund to be divided pro rata equally among such children of my sons when the first of them shall attain his or her majority."

Then follow provisions giving the executors power to lease, etc., and the will then provided that:

"If either of my said sons shall die leaving issue him surviving, the income from the principal of this trust theretofore applied to the use of such son shall be applied to the use of such issue in equal shares until they respectively attain majority,—the principal as each child attains majority to be divided,— each child to receive an equal share thereof. If either of my said sons shall die leaving no issue him surviving, the income theretofore applied to his use, or so much thereof as my executors shall deem expedient, shall be applied to the use of the other son,—any surplus to be accumulated as before directed for the grandchildren."

In the residuary clause he gave all the rest, residue, and remainder of his property to his widow, who died in 1901. The son Stanhope died December 29, 1906, leaving him surviving the plaintiff and the defendant Claire R. Renwick, his only children and heirs at law. Frederick died July 12, 1907, without issue.

The defendants, other than Murray, as trustee, and Claire R. Renwick, claim that the principal of the one-half the income from which was paid to the son Frederick, he having died without issue, passed under the residuary clause of the will to the widow, and upon her death to her sister, the appellant Henrietta H. Weeden. A careful consideration of the whole will indicates, as it seems to me, that the testator did not intend such disposition of the real estate in question; on the contrary, he intended that after the death of the life beneficiaries (the two sons) such real estate was to go to his grandchildren; that is, the children of his two sons. This disposition is found, if not directly expressed, necessarily to be implied from the language used in the second clause, as interpreted by the whole will. It will be observed that such portion of the income as is not used for the support of the two sons is to be accumulated for the grandchildren pro rata. Then, after the death of either son, the income theretofore applied to his use is to go to his children until they reach the age of 21 years, when they are to take the principal, and, in case either son should die leaving no

children, a cross-remainder is given to the other son. The sixth clause of the will also indicates the same intent, where the testator refers to the second clause as "the trust created by the second clause of this my will for my sons and their issue."

This conclusion renders it unnecessary to consider the effect of the agreement made between the widow and the two sons at or immediately prior to the probate of the will, but under that agreement it may well be doubted whether she and all persons thereafter claiming under her were not estopped from asserting that they had any interest in the real estate, the title to which claim is here made.

The trial court, therefore, was right in reaching the conclusion that the property in question passed under the will of Renwick, Sr., to the plaintiff and the defendants Murray, as trustee, and Claire R. Renwick, that the other defendants had no claim to or interest in the same, and that the plaintiff was entitled to costs. Had the judgment stopped there, then it would be affirmed, but he granted, in addition to the costs, $1,000 extra allowance, and also granted costs to the defendants Murray, as trustee, and Claire R. Renwick, together with an extra allowance of $1,000, and directed that all of the costs and allowances be recovered "out of the property herein referred to."

The plaintiff succeeded in the action, and costs were properly awarded to him, except the extra allowance, which, under the circumstances, I do not think should have been granted. Nor do I think that costs, including an extra allowance, should have been awarded to the defendants Murray, as trustee, and Claire R. Renwick; nor was there any authority for directing that the costs awarded should be recovered "out of the property."

The judgment appealed from, therefore, is modified by allowing the plaintiff the sum of $148.25 costs as taxed in the action against the defendants Henrietta H. Weeden, William B. Macomber, and Clara Macomber, and, as thus modified, affirmed, with costs to the plaintiff against the defendant Henrietta H. Weeden. All concur.